IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD LEE TURNER, et al., | No. C 10-2443 JSW (PR) |
| Plaintiff, | **ORDER OF DISMISSAL** |
| v. | |
| COUNTY OF CONTRA COSTA, et al., | |
| Defendants. | |

## INTRODUCTION

Plaintiff Edward Lee Turner, a California prisoner, has filed this pro se civil rights complaint under 42 U.S.C. § 1983 on behalf of himself and a number of other current and former inmates of jails in Contra Costa County. Turner is granted leave to proceed *in forma pauperis* in a separate order. This Court reviews the complaint pursuant to 28 U.S.C. § 1915A. For the reasons discussed below, the complaint is dismissed for failure to state a cognizable claim for relief.

## STANDARD OF REVIEW

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir.

1 | 1990).

2 |     Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974. Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

    To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

## LEGAL CLAIMS

    Plaintiffs allege that Defendants, various county and city municipal entities and their officials, violated a number of their constitutional rights in carrying out law enforcement and criminal prosecution functions, including conducting illegal searches and arrests without probable cause, failing to abide by speedy trial laws, and obtaining criminal convictions based on insufficient evidence. All of the alleged acts that form the basis of plaintiffs' claims took place between 1977 and 2001.

    Plaintiffs' claims are untimely. Section 1983 does not contain its own limitations period, rather the appropriate period is that of the forum state's statute of limitations for personal injury torts. *Wilson v. Garcia*, 471 U.S. 261, 276 (1985). In California, the

general residual statute of limitations for personal injury actions is the two-year period set forth at California Civil Procedure Code § 335.1 and is the applicable statute in Section 1983 actions. *Maldonado v. Harris*, 370 F.3d 945, 954 (9th Cir. 2004).

A Section 1983 action, and under federal law, a claim generally accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action. *TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999). A federal court must also give effect to a state's tolling provisions. *Hardin v. Straub*, 490 U.S. 536, 543-44 (1989). In California, California Civil Procedure Code section 352.1 recognizes imprisonment as a disability that tolls the statute of limitations for a maximum of two years. Thus, an inmate has four years to bring a Section 1983 claim in California, i.e., the regular two-year period under Section 335.1 plus two years during which accrual was postponed due to the disability of imprisonment. The alleged constitutional violations in this case were such that Plaintiffs learned of them as they occurred. Thus, the claims accrued when the actions complained of occurred, between 1977 and 2001, which is from 23 to nine years before this action was filed. The allegations in the complaint make clear that the claims are barred by the statute of limitations, even allowing for the maximum amount of tolling. Consequently, the claims must be dismissed as untimely.

## CONCLUSION

For the foregoing reasons, this action is DISMISSED.

The Clerk shall close the file and enter judgment in favor of Defendants.

IT IS SO ORDERED.

DATED: November 15, 2010

JEFFREY S. WHITE
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

EDWARD LEE TURNER,

        Plaintiff,

  v.

COUNTY OF CONTRA COSTA et al,

        Defendant.

Case Number: CV10-02443 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on November 16, 2010, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Edward Lee Turner
V25872
P.O.Box 8503
Coalinga, CA 93210

Dated: November 16, 2010

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk